IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **CHERYL LINETTE BRYANT,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:23-cv-924-O-BP |
| § | |
| **INTERNAL REVENUE SERVICE,** *et al.,* § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiff Cheryl Linette Bryant filed a Complaint and an incomplete Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) on September 6, 2023. ECF Nos. 1, 2. The case was preliminarily assigned to the undersigned under Special Order No. 3 the same day. ECF No. 3.

Although Bryant filed a short form application to proceed *in forma pauperis*, she did not complete the form as required. ECF No. 2. Accordingly, the Court ordered her to either pay the filing fee or submit a fully completed long form application to proceed *in forma pauperis* on or before September 25, 2023. ECF No. 5 at 2. The Court warned Bryant that "[f]ailure to timely submit the applicable fees or a fully completed application to proceed in forma pauperis by that deadline could result in the dismissal of this case without further notice. *See* Fed. R. Civ. P. 41(b)." *Id.* To date, Bryant has not paid the $402.00 filing and administrative fee or filed a fully completed long form application to proceed without paying the filing fee.

District courts may dismiss an action *sua sponte* for failure to prosecute or follow court orders. *See* Fed. R. Civ. P. 41(b). This authority flows from a court's inherent power to manage its

docket. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissals with prejudice for want of prosecution are considered "an extreme sanction." *Id.* Accordingly, the Court should employ such dismissals only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

Despite a clear warning that noncompliance could result in dismissal of her case under Federal Rule of Civil Procedure 41(b), Bryant did not comply with that order. Although she has failed to comply, nothing indicates that Bryant's noncompliance stems from purposeful delay or contumaciousness. Accordingly, dismissal without prejudice is warranted. *Long*, 77 F.3d at 880. Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **without prejudice** under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and

legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on October 2, 2023.

*/s/ Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE